# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS ROGERS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16−cv−1294−NJR |
| ) | |
| WEXFORD HEALTH CARE SOURCES, ) | |
| DR. SHAH, ) | |
| PHIL MARTIN, ) | |
| and ROGERICK MATTICKS, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Marcus Rogers, an inmate in East Moline Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 relating to Defendants' treatment of pain in Plaintiff's back, neck, and shoulder at Robinson Correctional Center. (Doc. 14). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint (Doc. 14) and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Amended Complaint

The Amended Complaint (Doc. 14) contains the following allegations: Plaintiff went to Dr. Shah in March 2016 for "extreme pain" in his back, neck, and shoulder. (Doc. 14, p. 4). Shah told Plaintiff he had a pulled muscle and needed to lose weight. *Id.* Plaintiff's "pain was so severe, [he] couldn't sleep nor could [he] move [his] head and neck." *Id.* Plaintiff "went back to Dr. Shah again" because he was still in pain, and he was given more ibuprofen, which did not work. *Id.* Plaintiff "was in pain the entire time." *Id.* Plaintiff could barely move because of the pain in his neck, back, and shoulder, as well as in his arm at certain times. *Id.* Shah ordered X-rays on March 18, 2016, but Plaintiff is unsure why because Shah told him his problem could be a pulled muscle or arthritis, which Plaintiff did not believe would show in an X-ray. *Id.* Shah also told Plaintiff it could be a pinched nerve but refused to give him medication. *Id.* Shah knew that Plaintiff was in severe pain. *Id.*

On April 18, 2016, Plaintiff asked Shah about an MRI, but Shah responded by telling Plaintiff to lose weight and drink more water. *Id.* Plaintiff asked Shah for an MRI again, but Shah again responded that Plaintiff needed to lose weight and drink more water. (Doc. 14, pp. 4-5). Plaintiff did not receive the proper treatment, and his pain "was still on the level 10 or higher." (Doc. 14, p. 5). Plaintiff's thumb was numb and he had pain in his back, shoulder, and neck. *Id.* Shah was "very unprofessional" and "not one time did Dr. Shah touch [Plaintiff]" or "show concern about [his] pain." *Id.* Shah "never gave [Plaintiff] a lay in." *Id.* Plaintiff had to go to work in severe pain. *Id.* "At this time a month and a half went by." *Id.* Plaintiff is still in pain, and he has not received an MRI. *Id.*

On April 19, 2016, Defendant Phil Martin "stated the X-rays showed mild degenerative changes." *Id.* Plaintiff questions how the X-ray could show mild degenerative changes since X-rays only show bones. *Id.* Martin did not order an MRI for Plaintiff, despite Plaintiff telling everyone that he did not have any bone pain and that it was a pinched nerve. *Id.* Plaintiff claims that "not one time did anyone show concern" and "it's been over a year." *Id.* Plaintiff still has not received an MRI and still has pain in his neck and shoulder, plus numbness in his thumb. (Doc. 14, p. 6). Back pain comes and goes for Plaintiff, and he has trouble sleeping at times. *Id.*

"Everyone from Dr. Shah, Phil Martin, and Rogerick Matticks" did not "step up" and order Plaintiff an MRI. *Id.* "The above defendants clearly knew of the Plaintiff's continuing problems and pain associated with the problems in his neck and shoulders, yet refuse[d] to send the Plaintiff to an outside facility for an MRI." *Id.*

In his request for relief, Plaintiff requests an MRI. (Doc. 14, p. 7).

## Discussion

In its review of Plaintiff's original Complaint, the Court designated a single count in this

3

*pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Defendants exhibited deliberate indifference to Plaintiff's serious medical needs related to the extreme pain in his back, neck, and shoulder in violation of the Eighth Amendment.

As to **Count 1**, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Plaintiff claims that Defendants Shah, Martin, and Matticks were deliberately indifferent to his continuing problems and pain that have now lasted for over a year. The Court considers Plaintiff to have established, at this early stage, that he suffers from an objectively serious medical need and that these three defendants were deliberately indifferent to it. With respect to Defendant Wexford Health Care Sources, however, Plaintiff has failed to make any specific allegations against it in the Amended Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against it. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that defendant. *See Collins v.*

*Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). In addition, in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).

Based on the foregoing, Count 1 against Shah, Martin, and Matticks will proceed, and Wexford will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **SHAH**, **MARTIN**, and **MATTICKS**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** without prejudice as against **WEXFORD HEALTH CARE SOURCES**, and **WEXFORD HEALTH CARE SOURCES** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **SHAH**, **MARTIN**, and **MATTICKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 27, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**